NATIONAL MALLEABLE CASTINGS CO. et al. v. T. H. SYMINGTON CO.

(Circuit Court of Appeals, First Circuit. June 8, 1916.)

No. 1147.

PATENTS ⚙︎316—SUIT FOR INFRINGEMENT—RIGHT TO ADJUDICATION ON ALL CLAIMS.

Where a District Court in a suit for infringement of a patent, or the Circuit Court of Appeals on appeal, has found certain claims of the patent valid and infringed, under Rev. St. § 4922 (Comp. St. 1913, § 9468), defendant is entitled to a finding as to the remaining claims.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 562; Dec. Dig. ⚙︎316.]

In Equity. Suit by the National Malleable Castings Company and others against the T. H. Symington Company. Decree for defendant, and complainants appealed. Reversed, 230 Fed. 821, —— C. C. A. ——. On petition for rehearing. Overruled.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

PER CURIAM. The opinion was passed down in this case on February 3, 1916, finding infringements of claims 3, 5, and 6, the decree remanding the case to the District Court, with directions enjoining the defendants as stated in the decree. No order was directed with reference to the other claims, which were numerous. The judgment to be entered should, of course, dismiss the bill with reference to those other claims.

Various other supplemental matters have been brought to our attention, and further relief requested with reference thereto.

It is maintained by the defendant that this court should grant some relief with reference to claims other than claims 3, 5, and 6, as said to be required by sections 4917 and 4922 of the Revised Statutes (Comp. St. 1913, §§ 9462, 9468), relieving the defendant from payment of costs, on account of the apparent finding of this court favorably to the respondent on the various other claims. There was no finding or decree of the District Court as contemplated by the sections referred to; therefore, as the infringements of the sections thus referred to were never brought to our attention on appeal by any plea of proof, we have no jurisdiction with reference to the matter of costs by reason of anything provided in those sections.

A petition for rehearing has been filed; but the court gave unusual attention to the merits of the case, and it finds nothing in that petition which requires its attention.

Our judgment found that the respondent had infringed the claims enumerated in the judgment, but made no finding with reference to the other claims as it should have done; therefore, we will make proper correction with reference thereto.

The respondent on appeal also justly claims that the proposed judgment should be amended as stated herein.

The decree entered on the 3d day of February, 1916, is annulled, and in lieu thereof is entered the following decree:

We adjudge and decide that claims 3, 5, and 6 of the plaintiff's patent are valid and infringed; and the decree of the District Court is reversed. We also find that the remaining claims in the complainant's patent are either not infringed or are invalid; the case is remanded to the District Court with directions to enjoin the respondent from further constructing, using or selling the cheek-plates (referred to in the interrogatories and made a part of the record in this case) when combined, or adapted to be combined, in the structures of claims 3, 5, and 6, and also for an accounting in reference to all such combinations, and for the costs in the District Court and on this appeal.

The petition for rehearing is denied.